IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMMYE RICHARDSON,           § | |
| Plaintiff,           § | |
| § | 3:09-CV-949-P |
| v.           § | ECF |
| § | |
| NEW CENTURY MORTGAGE AND   § | |
| LAYERS ET AL.,           § | |
| Defendants.           § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     Parties:**

Plaintiff is proceeding pro se and has filed a motion to proceed *in forma pauperis*. Defendants are New Century Mortgage and Layers; Olwen Loan Servicing, L.L.P.; Olwen Financial Corporation; National Default Servicing Corporation; DLJ Mortgage Capital, Inc.; Fidelity National Financial, Inc.; Fidelity National Title Group; the spouse of Judge Cynthia Snyder; GMAC Mortgage Corporation; Union Bank of California; First American Corporation; First American Title Corporation; subsidiaries, principals and partners of Caswell, Bell & Hillison, LLP; the City of Bakersfield California; Kern County California; Union Bank; attorney Richard Lima; Jackson and Associates Law Firm; attorney Charles Nunley; Superior Court of Kern County California; Chief Judge Arthur Wallace; Commissioner ERREA; Judge S. Katz; Judge Chapin; attorney Robert Brumfield; Alter egos of Debtors in Bankruptcy; and John and

Jane Does.

## II.   Discussion:

Before the Court is Plaintiff's motion to proceed *in forma pauperis*.

Plaintiff has a long litigation history. In 2001, Plaintiff was found liable for $360,000, plus punitive damages, in a suit for securities fraud, common law fraud, and other claims. *Richardson v. First American Title Ins*. Co., No. CV-F-98-5393-OWW-DLB, 2008 WL 4370113 (E.D. Cal. Sept. 24, 2008). In 2001, Plaintiff also filed for bankruptcy. *Id*. at 35. Plaintiff has continuously litigated her bankruptcy claims, the 2001 fraud claims and other claims since judgments were entered her initial cases. Since 2001, she has been a party in over 100 federal cases.

In 2007, the bankruptcy court declared Plaintiff and her husband to be vexatious litigants and sanctioned them in the amount of $30,345.00. *In the matter of Sammye A. Richardson*, No. 02-10465-A-7 (E.D. Cal. sanctions order dated March 9, 2007). Other courts have also sanctioned Plaintiff. *See In re Sammye Richardson*, No. 06-80096 (9th Cir. Sept. 26, 2006) (stating Plaintiff has a "practice of burdening this court with meritless litigation" and prohibiting Plaintiff from filing new appeals or petitions without leave of court); *Richardson v. Bury*, 2009 WL 1749668, No. 06-283-TUC-HCE (D. Ariz. June 19, 2009) (denying leave to amend finding "Plaintiffs' Amended Complaint is no closer to a comprehensible document than those filed in previous actions. Instead, this latest action is another in a long history of attempts to lodge unintelligible claims against many of the same defendants as named herein including a growing list of judges with whose rulings Plaintiffs disagree and who are immune from suit."); *Richardson v. First American Title Insure. Co., et al.*, 2008 WL 4370113 (D.D. Cal. Sept. 24,

2008) (stating that "[s]ince entry of judgment in this case on March 5, 2002, the Richardsons have filed scores of documents, which are largely unintelligible, making groundless accusations against judicial officers of the Circuit, District and Bankruptcy Courts. The Richardsons refuse to follow orders limiting their prolix filings and have vexatiously multiplied the proceedings in the District and Bankruptcy Courts.").

Federal courts retain the inherent authority to protect their jurisdiction, the public and the efficient administration of justice from vexatious litigants by, *inter alia*, denying such litigants *in forma pauperis* status. *See In re Sindram*, 498 U.S. 177, 180 (1991) ("the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system"); *Hinton v. Supportkids, Inc.*, No. A-09-CA-284 LY, 2009 WL 1650483 at *2 (W.D. Tex. Jun. 11, 2009) (Austin, Mag. J.) (citing cases); *Roy v. Ass'n Comm. To Elect the Rev. Dr. Kamal K. Roy*, No. 3-08-CV-327-N, 2008 WL 1970945 at *2 (N.D. Tex. May 5, 2008) ("In general, the court retains the inherent authority to curb abusive litigation.").

In this action, Plaintiff again sues many of the same Defendants named in previous actions. She alleges RICO violations, accounting violations, blackmail, extortion, malicious prosecution, fraudulent concealment, perjury, false claims and due process violations regarding assets and real property that were involved in Plaintiff's various bankruptcy cases and other previous suits.

In light of Plaintiff's previous vexatious actions, sanctions by other federal courts and the fact that this complaint raises many of the same claims previously litigated against a number of the same Defendants, the undersigned magistrate judge recommends that Plaintiff's motion to proceed *in forma pauperis* be DENIED.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

**RECOMMENDATION**

The Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis*. The Court further recommends that the District Court dismiss this action without prejudice unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

Signed this 30th day of July, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-